IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 6:24cr535 |
|---|---|---|
|  | ) |  |
|  | ) | 18 U.S.C. § 922(g)(1) |
| vs. | ) | 18 U.S.C. § 924(a)(8) |
|  | ) | 18 U.S.C. § 924(c)(1)(A)(i) |
| JONATHAN ADAM SARRATT | ) | 18 U.S.C. § 924(d)(1) |
| MIKAYLUH SHIANNE WALKER | ) | 21 U.S.C. § 841(a)(1) |
| MIKENZI SHIANISE WALKER | ) | 21 U.S.C. § 841(b)(1)(A) |
| AA'LYAH MAULANA TUKES | ) | 21 U.S.C. § 841(b)(1)(B) |
| SONDRA ALIENE WALKER | ) | 21 U.S.C. § 841(b)(1)(C) |
|  | ) | 21 U.S.C. § 846 |
| BRENDA JEAN MINCEY | ) | 21 U.S.C. § 853 |
| CHRISTOPHER KEVIN BIGGERSTAFF | ) | 21 U.S.C. § 881 |
|  | ) | 28 U.S.C. § 2461(c) |
|  | ) |  |
|  | ) | **SEALED INDICTMENT** |

## COUNT 1
*(Drug Distribution Conspiracy)*

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in early 2023, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **JONATHAN ADAM SARRATT, MIKAYLUH SHIANNE WALKER, MIKENZI SHIANISE WALKER, AA'LYAH MAULANA TUKES, SONDRA ALIENE WALKER,** ▮▮▮▮▮▮▮▮, **BRENDA JEAN MINCEY,** and **CHRISTOPHER KEVIN BIGGERSTAFF**, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), both Schedule II controlled substances.

1

a. With respect to **JONATHAN ADAM SARRATT**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

b. With respect to **MIKAYLUH SHIANNE WALKER**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

c. With respect to **MIKENZI SHIANISE WALKER**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

d. With respect to **AA'LYAH MAULANA TUKES**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

e. With respect to **SONDRA ALIENE WALKER**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

f. With respect to ▮▮▮▮▮▮▮▮▮▮, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

g. With respect to **BRENDA JEAN MINCEY**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of a mixture or substance containing a detectable amount of methamphetamine and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

h. With respect to **CHRISTOPHER KEVIN BIGGERSTAFF**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
*(Possession with Intent to Distribute Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 10, 2024, in the District of South Carolina, the Defendant, **CHRISTOPHER KEVIN BIGGERSTAFF**, knowingly, intentionally, and unlawfully did possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 3
*(Felon in Possession of Firearms)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 10, 2024, in the District of South Carolina, the Defendant, **CHRISTOPHER KEVIN BIGGERSTAFF**, knowingly possessed firearms in and affecting interstate commerce, that is, a Smith & Wesson .40 caliber pistol and a Taurus .45 caliber pistol, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 4
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 10, 2024, in the District of South Carolina, the Defendant, **CHRISTOPHER KEVIN BIGGERSTAFF**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 2, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5
*(Distribution of Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about March 29, 2024, in the District of South Carolina, the Defendant, **MIKAYLUH SHIANNE WALKER**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 6
*(Distribution of Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about April 8, 2024, in the District of South Carolina, the Defendant, **MIKAYLUH SHIANNE WALKER**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## FORFEITURE

FIREARM.DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and Title 21, United States Code, as charged in this Indictment, the Defendants, **JONATHAN ADAM SARRATT, MIKAYLUH SHIANNE WALKER, MIKENZI SHIANISE WALKER, AA'LYAH MAULANA TUKES, SONDRA ALIENE WALKER,** ▮▮▮▮▮▮▮▮▮▮, **BRENDA JEAN MINCEY,** and **CHRISTOPHER KEVIN BIGGERSTAFF,** shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

   (1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

   (2) involved in or used in any knowing violation of 18 U.S.C. § 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

PROPERTY:

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

A. Cash/United States Currency:

$150,000.00 in United States Currency
Seizure date: April 12, 2024
Seized from: Aa'lyah Maulana Tukes

B. Firearms:

(1) Smith & Wesson M&P Shield .40 caliber pistol
Serial Number: HKS0597
Seized from: Christopher Kevin Biggerstaff

(2) Taurus .45 caliber pistol
Serial Number: ABK023279
Seized from: Christopher Kevin Biggerstaff

(3) Heckler & Koch 9mm pistol with magazine
Serial Number: 224-357124
Seized from: Christopher Kevin Biggerstaff

(4) Taurus 9mm pistol
Serial Number: ACE237900
Seized from: ███████

C. Ammunition:

(1) Miscellaneous rounds of .40 caliber ammunition
Seized from: Christopher Kevin Biggerstaff

(2) Miscellaneous rounds of .45 caliber ammunition
Seized from: Christopher Kevin Biggerstaff

(3) Miscellaneous rounds of 9mm ammunition
Seized from: Christopher Kevin Biggerstaff

(4) Miscellaneous rounds of 9mm ammunition
Seized from: ███████

D. Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violations of 21 U.S.C. §§ 841 and 846.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A __True__ BILL



FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____Jamie Lea Schoen_____
Jamie Lea Schoen (Fed. ID # 11386)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: Jamie.L.Schoen@usdoj.gov

8